**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

MARISA BAKER, KIMBERLY BAKER,
and STEVEN BAKER,

              Plaintiffs,

v.

A. CLEMENTE, INC.; ANTHONY
CLEMENTE, INC.; SOLVAY
SPECIALTY POLYMERS, USA, LLC;
SOLVAY SOLEXIS, INC.; ARKEMA,
INC.; E.I. DU PONT DE NEMOURS
& COMPANY; THE CHEMOURS
COMPANY; THE CHEMOURS COMPANY
FC, LLC; CAMDEN COUNTY ENERGY
RECOVERY ASSOCIATES LP;
CAMDEN COUNTY ENERGY RECOVERY
CORP.; FOSTER WHEELER CAMDEN
COUNTY, INC.; COVANTA CAMDEN
GP, LLC; THE 3M COMPANY; and
JOHN DOE ENTITIES #1-20

              Defendants.

No. 1:22-cv-04611-NLH-AMD

**OPINION**

---

LISA MEDFORD and JOHN
ANTIPUNA

              Plaintiffs,

v.

A. CLEMENTE, INC., et al.,

              Defendants.

No. 1:22-cv-02347-NLH-AMD

---

_____

STEPHEN WILSON and KIM
WILSON,

           Plaintiffs,

    v.

A. CLEMENTE, INC., et al.,

           Defendants.
_____

No. 1:22-cv-02379-NLH-AMD

_____

ELIZABETH KULIK,

           Plaintiff,

    v.

A. CLEMENTE, INC., et al.,

           Defendants.
_____

No. 1:22-cv-04610-NLH-AMD

_____

ELIZABETH LEPTIEN,

           Plaintiff,

    v.

A. CLEMENTE, INC., et al.,

           Defendants.
_____

No. 1:22-cv-04609-NLH-AMD

**APPEARANCES**:

ARNOLD CARL LAKIND
SZAFERMAN, LAKIND, BLUMSTEIN, BLADER & LEHMANN, PC
QUAKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
SUITE 200
LAWRENCEVILLE, NJ 08648

```
STEVE PHILLIPS
PHILLIP & PAOLICELLI, LLP
747 THIRD AVENUE, 6TH FLOOR
NEW YORK, NY 10017

VICTORIA ELIZABETH PHILLIPS
LEVY PHILLIPS KONINGSBERG LLP
800 THIRD AVENUE
NEW YORK, NY 10022
```

*Attorneys for Plaintiffs*

```
THEODORE V. WELLS, JR.
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
```

*Attorney Solvay Specialty Polymers, USA, LLC*

```
JOHN DAVID NORTH
GREENBAUM, ROWE, SMITH, & DAVIS, LLP
METRO CORPORATE CAMPUS ONE
PO BOX 5600
WOODBRIDGE, NJ 07095

IRENE HSIEH
JEMI GOULIAN LUCEY
GREENBAUM ROWE SMITH & DAVIS LLP
99 WOOD AVENUE SOUTH
ISELIN, NJ 08830

MARJAN MOUSSAVIAN
Greenbaum, Rowe, Smith & Davis LLP
P.O. Box 5600
Woodbridge, NJ 07095
```

*Attorneys for Arkema, Inc.*

```
DAVID ANDREW SCHLIER
MCCARTER & ENGLISH
405 N. KING STREET
STE 8TH FLOOR
WILMINGTON, DE 19801

LANNY STEVEN KURZWEIL
RYAN A. RICHMAN
MCCARTER & ENGLISH
```

100 MULBERRY STREET
FOUR GATEWAY CENTER
NEWARK, NJ 07102

    *Attorneys for Defendant E.I. du Pont de Nemours and*
    *Company, the Chemours Company, the Chemours Company FC, LLC*

DONALD J. CAMERSON, II
JAMES WYLIE CROWDER, IV
BRESSLER, AMERY & ROSS, ESQS.
325 COLUMBIA TURNPIKE
PO BOX 1980
FLORHAM PARK, NJ 07932

    *Attorneys for Defendant the 3M Company*

**<u>HILLMAN</u>, District Judge**

    Before the Court is a Motion for Remand filed by plaintiffs Marisa Baker, Kimberly Baker, Steven Baker, Lisa Medford, John Antipuna, Stephen Wilson, Kim Wilson, Elizabeth Kulik, and Elizabeth Leptien following the removal of this matter to Federal Court by Defendant E. I. du Pont de Nemours & Company ("DuPont" or "Defendant").[1]  (ECF 53).[2]  For the reasons expressed below, Plaintiffs' motion to remand will be denied.

---

[1] There are several Defendants that are a party to this action; however, only DuPont moved to remove.  The other Defendants in this action are A. Clemente, Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., The Chemours Company, the Chemours Company FC, LLC, The 3M Company, and John Doe Entities #1-20.  The following defendants have been voluntarily dismissed: Camden County Energy Recovery Associates LP; Camden County Energy Recovery Corp.; Foster Wheeler Camden County, Inc.; Covanta Camden GP, LLC. (ECF 74).

[2] For purposes of this Opinion, unless otherwise specified, citations to the docket refer to <u>Baker v. A. Clemente, Inc., et al.</u>, No. 1:22-cv-04611-NLH-AMD.

**BACKGROUND**

In March and June of 2022, Plaintiffs filed their complaints in the Superior Court of New Jersey, docketed as follows: <u>Baker, et al. v. A. Clemente, Inc., et al.</u>, Case No. SLM-L-000098-22; <u>Medford, et al. v. Clemente, Inc., et al.</u>, Case No. SLM-L-000046-22; <u>Wilson v. Clemente, Inc., et al.</u>, Case No. MID-L-001204-22; <u>Elizabeth Kulik, v. A. Clemente, Inc., et al.</u>, Case No. SLM-L-000100-22; <u>Elizabeth Leptien, v. A. Clemente, Inc. et al.</u>, Case No. SLM-L-000099-22.

The complaints seek to recover for personal injuries caused by Defendants' alleged improper disposal, use, and discharge of "toxic and dangerous chemicals and substances" including poly- and perfluoroalkyl substances ("PFAS"), halogenated hydrocarbons, heavy metals, freons, industrial alcohols and solvents, "numerous mixtures and wastes consisting of multiple compounds, substances, and/or products," polycyclic aromated hydrocarbons ("PAHs"), and "particulate matter and airborne waste."  (Baker Compl. at ¶¶ 3-4).[3]

---

[3] The Complaint for each Plaintiff is docketed as follows:  <u>Baker v. A. Clemente, Inc., et. al.</u>, No. 1:22-cv-00397-NLH-AMD, ECF 7 ("Baker Compl."); <u>Medford v. A. Clemente, Inc., et. al.</u>, No. 1:22-cv-02347-NLH-AMD, ECF 1-1 ("Medford Compl."); <u>Wilson v. A. Clemente, Inc., et. al.</u>, No. 1:22-cv-02379-NLH-AMD, ECF 1-1 ("Wilson Compl."); <u>Kulik v. A. Clemente, Inc., et. al.</u>, No. 1:22-cv-04610-NLH-AMD, ECF 1-1 ("Kulik Compl."); and <u>Leptien v. A. Clemente, Inc., et. al.</u>, No. 1:22-cv-04609-NLH-AMD, ECF 1-1 ("Leptien Compl.").  We note that the complaints are similar,

Plaintiffs contend that these chemicals cause a variety of severe diseases, persist in the environment, and that "mixed" exposures can enhance the harm experienced by those who are exposed.  (Id. at ¶ 5-6, 44).  Plaintiffs allege that "although the calculation of the precise dose of exposure to each toxin or mixture (and to the aggregate of all exposures) is not presently known, these exposures, from both a qualitative and quantitative perspective, are more than sufficient to have caused the injured Plaintiff's injuries."  (Id. at ¶ 10).  Plaintiffs allege that PFAS chemicals were produced at the West Deptford facility since before 1990.  (Id. at ¶¶ 62-73).  Plaintiffs note that the various chemicals alleged were produced at the Chambers Works facility starting as early as 1891.  (Id. at ¶¶ 74-95).  Plaintiffs allege that "Defendants knew or should have known of the severe and adverse health and environmental effects and impacts of PFAS and other toxins."  (Id. at ¶ 107).  Plaintiffs specifically disclaim harm arising from DuPont's government contracts.  (Id. at ¶ 119).

DuPont was served the complaints on March 23, 2022 (Medford Compl.); April 4, 2022 (Wilson Compl.); and June 21, 2022 (Baker Compl., Kulik Compl., Leptien Compl.).  DuPont subsequently

---

although the paragraph citations are different based on the number of plaintiffs.  To the extent that the complaints include the same substance, we will cite to the complaint in Baker v. A. Clemente, Inc., et. al., No. 1:22-cv-00397-NLH-AMD, ECF 7.

removed these five cases to this Court April 22, 2022 (Medford Compl.); April 25, 2022 (Wilson Compl.); and July 15, 2022 (Baker Compl., Kulik Compl., Leptien Compl.), respectively, asserting that it had basis to remove under 28 U.S.C. § 1442(a)(1).  (Notices of Removal at ¶ 1).[4]  On October 11, 2022, Plaintiffs filed a motion to remand and supporting brief.  (ECF 53, 54).  DuPont filed its response on November 7, 2022, (ECF 66), and Plaintiffs filed their reply on November 14, 2022. (ECF 67).  Plaintiffs' Motion to Remand is now ripe for adjudication.

**DISCUSSION**

**I.   Standard for Motion to Remand Under 28 U.S.C. § 1442(a)(1)**

28 U.S.C. § 1442(a)(1) provides that a defendant may remove a civil suit brought in state court "to the district court of the United States for the district and division embracing the place wherein it is pending" if the defendant is "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating

_____

[4] The Notice of Removal for each Plaintiff is docketed as follows: Baker v. A. Clemente, Inc., et. al., No. 1:22-cv-00397-NLH-AMD, ECF 1; Medford v. A. Clemente, Inc., et. al., No. 1:22-cv-02347-NLH-AMD, ECF 1; Wilson v. A. Clemente, Inc., et. al., No. 1:22-cv-02379-NLH-AMD, ECF 1; Kulik v. A. Clemente, Inc., et. al., No. 1:22-cv-04610-NLH-AMD, ECF 1; and Leptien v. A. Clemente, Inc., et. al., No. 1:22-cv-04609-NLH-AMD, ECF 1 (collectively, "Notices of Removal").

to any act under color of such office . . . ."  See 28 U.S.C.
§1442(a)(1).  Section 1442(a) is considered "an exception to the
well-pleaded complaint rule, under which (absent diversity) a
defendant may not remove a case to federal court unless the
plaintiff's complaint establishes that the case arises under
federal law."  Kircher v. Putnam Funds Trust, 547 U.S. 633, 644
n.12, (2006) (internal quotation marks and citation omitted).
Therefore, a matter "may be removed despite the nonfederal cast
of the complaint; the federal-question element is met if the
defense depends on federal law."  Jefferson Cty., Ala. v. Acker,
527 U.S. 423, 431 (1999).

It is well settled that the language of this statute is "to
be liberally construed in favor of the federal forum."  Cessna
v. REA Energy Cooperative, Inc., 753 Fed. Appx. 124, 127 (3d
Cir. 2018) (citations omitted)); see also Willingham v. Morgan,
395 U.S. 402, 406 (1969) (noting that the scope of the federal
officer removal statute "is not 'narrow' or 'limited'").  This
is because the purpose of § 1442(a)(1) is to "ensure a federal
forum in any case where a federal official is entitled to raise
a defense arising out of his official duties."  Arizona v.
Manypenny, 451 U.S. 232, 241 (1981).  "[O]ne of the most
important reasons for removal is to have the validity of the
defense of official immunity tried in a federal court."
Willingham, 395 U.S. at 407.

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). In order to properly remove a case from state court to federal court on such a basis, the defendant bears the burden of showing:

> (1) [the defendant] is a "person" within the meaning of the statute; (2) the [plaintiff's] claims are based upon the [defendant's] conduct "acting under" the United States, its agencies, or its officers; (3) the [plaintiff's] claims against [the defendant] are "for, or relating to" an act under color of federal office; and (4) [the defendant] raises a colorable federal defense to the [plaintiff's] claims.

Papp v. Fore-Kast Sales Co., 842 F.3d 805, 812 (3d Cir. 2016). Moreover, a "motion to remand shares essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)" and therefore it should be "evaluated using the same analytical approach." Id. at 811.

Subject matter jurisdiction can be challenged either through a facial or a factual attack. Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the [notice of removal], and it requires the court to

consider the allegations . . . as true." Id. (internal quotation marks and citations omitted). In contrast, a factual attack "disputes 'the factual allegations underlying the [] assertion of jurisdiction,' and involves the presentation of competing facts." Papp, 842 F.3d at 811 (quoting Davis, 824 F.3d at 346). Accordingly, a factual challenge allows "a court [to] weigh and consider evidence outside the pleadings." Davis v. Wells Fargo, 824 F.3d at 346.

## II. **Analysis**

Defendant DuPont asserts that the matter is removable under 28 U.S.C. § 1442(a)(1) because Defendant was acting under the direction of the United States when it manufactured some of the alleged chemicals, which "necessarily resulted in air and water discharges" that Plaintiffs argue caused their personal injury. (Notices of Removal at ¶ 8). The Court notes that neither Party argues that the removal is untimely, and therefore the Court will consider the application for removal as timely. As set out above, Defendant here bears the burden of showing:

> (1) [the defendant] is a "person" within the meaning of the statute; (2) the [plaintiffs'] claims are based upon the [defendant's] conduct "acting under" the United States, its agencies, or its officers; (3) the [plaintiffs'] claims against [the defendant] are "for, or relating to" an act under color of federal office; and (4) [the defendant] raises a colorable federal defense to the [plaintiffs'] claims.

Papp, 842 F.3d at 812.  The Court will address each element in
turn.

    1. <u>Whether DuPont is a "person" within the meaning of the
   statute</u>

While § 1442(a)(1) does not define "person" in the statute
itself, § 1 of Title I of the United States Code defines
"person" to "include corporations, companies, associations,
firms, partnerships, societies, and joint stock companies, as
well as individuals."  This definition was confirmed in <u>Papp v.
Fore-Kast Sales Co., Inc.</u>, 842 F.3d at 812.  Plaintiffs do not
dispute that DuPont is a person within the meaning of the
statute.  It is clear that DuPont constitutes a person within
the meaning of § 1442(a)(1).

    2. <u>Whether Plaintiffs' claims are based upon the DuPont's
   conduct "acting under" the United States, its
   agencies, or its officers</u>

Defendant summarizes multiple contracts to produce various
chemicals for use by the United States during World War II,
according to Governmental specifications, amounts, and
timelines.  Defendant explains that the chemicals include, but
are not limited to, "perfluoroheptane, perfluoroxylene,
fluorolube, uranium dioxide, anhydrous hydrofluoric acid, and
dinitrotoluene."[5]  (ECF 66 at 27).  Defendant indicates that

---

[5] The contracts cover chemical products that are listed as the
"toxic and dangerous chemicals" that Defendants allegedly

pursuant to these contracts it manufactured chemicals that it had not previously produced, with the "sole purpose" of meeting "government demand and need."  (ECF 66 at 28).

The Third Circuit has "explicitly rejected the notion that a defendant could only be 'acting under' a federal officer if the complained-of conduct was done at the specific behest of the federal officer or agency."  See Papp, 842 F.3d at 813 (citing In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila., 790 F.3d 457, 470 (3d Cir. 2015) ("[W]e disagree that the [defendant] is required to allege that the complained-of conduct *itself* was at the behest of a federal agency.")).  Like the federal removal statute overall, the "acting under" element must be liberally construed and cover actions that are made as "an effort to assist, or to help carry out, the duties or tasks of the federal superior."  Defender Ass'n, 790 F.3d at 468 (construing "acting under" liberally).

The Third Circuit has pointed to the example of government

_____

wrongfully discharged, used, or disposed of resulting in injuries to Plaintiffs in Plaintiffs' complaints at the time of removal.  (Compare ECF 66 at 16-22, listing halogenated hydrocarbons such as perfluoroheptane, perfluoroxylene, fluorolube, and identified specific waste compounds of explosives, fuel, ammunition, and other chemicals such as dinitrotoluene, uranium products, peruranic acid, and anhydrous hydrofluoric acid, to Baker Complaint at ¶ 4, naming "halogenated hydrocarbons" and "numerous mixtures and wastes consisting of multiple compounds, substances, and/or products (e.g., paints, dyes, fuels, explosives, ammunition . . .")).

contractors, concluding that a "private contractor acted under a federal officer or agency because the contractors 'help[ed] the Government to produce an item that it need[ed].'"  Papp, 842 F.3d at 812 (quoting Defender Ass'n, 790 F.3d at 468) (alterations in original); see also Watson, 551 U.S. at 153. Where "'the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete,' that contractor is 'acting under' the authority of a federal officer" for the purposes of §1442(a)(1).  Papp, 842 F.3d at 812; see also Defender Ass'n, 790 F.3d at 468-70 (discussing different ways in which an entity might "act under" a federal officer).  The Third Circuit explicitly rejected the proposition that government contractors must carry any additional or "special burden" to show it was engaging in conduct at the direction of the Government as "inconsistent with both precedent and the underlying objectives of the removal statute."  Id. at 812-13.

The contracts the Defendant has pointed to in support of removal demonstrate that DuPont "performed a job that, in the absence of a contract with a private firm, the Government itself would have had to perform."  Id. at 153-54.  Accordingly, Defendant has sufficiently plead that it is "acting under" the authority of United States.

3. Whether Plaintiffs' claims against DuPont are "for, or

relating to" an act under color of federal office

Plaintiffs argue that "DuPont has identified nothing in these [government] contracts governing the discharge of waste from its facilities." (ECF 54 at 9).  DuPont responds, quoting prior opinions on this question in this Court, that "it is sufficient for the removing party to allege, as DuPont does here, 'that the manufacturing process of certain materials [at issue] . . . was at behest of the government and is related to the discharges that [form] the basis of Plaintiffs' complaint.'" (ECF 66 at 29 (quoting New Jersey Dep't of Envtl. Prot. v. E. I. Du Pont De Nemours & Co., 2020 WL 2611539, at *4-5 (D.N.J. May 22, 2020); see also New Jersey Dep't of Env't Prot. v. E.I. du Pont de Nemours & Co., 2020 WL 2041382 (D.N.J. Apr. 28, 2020)). DuPont avers that, "[a]s demonstrated by the Chambers Works Contracts, DuPont produced and utilized at Chambers Works the types of substances Plaintiffs allege caused their injuries, as ordered by the United States Government." (ECF No. 66 at 34).

Plaintiffs also argue that "there is no causal nexus alleged between DuPont's status as a government contractor between 1942 and 1945 and Plaintiffs' injuries." (ECF 54 at 27).  Plaintiffs explain that DuPont does not allege facts that demonstrate that "it discharged substances into the surrounding environment as a consequence of federal work, that it did so at the behest of the federal government, or that such emissions

decades ago caused Plaintiffs' injuries." (ECF 67 at 12).
Plaintiffs further claim that they did not "intend" to allege
harm caused by chemicals related to World War II. (ECF 54 at
27-28).

Defendant responds that "all nine of the chemicals DuPont
manufactured for the Federal Government fall under the broad
categories of substances Plaintiffs alleged caused their
injuries at the time the Complaints were filed and at the point
in time that DuPont removed these cases." (ECF 66 at 30).
Defendant also asserts that despite Plaintiffs' disclaimer that
they did not intend to implicate chemicals made in support of
war efforts, "the Complaints speak for themselves, and include
extraordinarily broad allegations." (ECF 66 at 32).
Specifically, "Plaintiffs allege that their injuries were caused
by DuPont's conduct 'at all relevant times', 'for decades', and
'at all material times hereto,' and its alleged release,
discharge, use, and/or storage, of an exhaustive list of alleged
'toxins,' which encompasses all substances DuPont manufactured
for the federal government." (Id. at 31). Defendant further
points out that Plaintiffs allege that the substances "persist
'indefinitely' in the environment, and that even a single
exposure to such alleged 'other toxins' could have caused their
injuries." (Id. at 31-32).

This element is often referred to as the "nexus" or

"causation" requirement because it demands that a defendant "show a nexus, a causal connection between the charged conduct and the asserted official authority."  Acker, 527 U.S. at 431. However, Congress revised the Officer Removal Statute in 2011 to "broaden the universe of acts that enable Federal officers to remove [suits] to Federal Court."  Papp, 842 F.3d at 813 (quoting H.R. Rep. No. 112-17, pt. 1, at 6 (2011) (alteration in original).  Consistent with this expansion, the purpose of the removal statute is to ensure that this kind of federal defense is presented in a federal forum.  See Willingham, 395 U.S. at 407, ("[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court").  Following Congress' amendment, the Third Circuit has "taken a more permissive view of [the 'for or relating to'] requirement."  Papp, 842 F.3d at 813. Accordingly, the Court has found it "sufficient for there to be a 'connection' or 'association' between the act in question and the federal office."  Id.

This Court, and others in this District, have already considered a similar argument to Plaintiffs' argument here that the government contracts did not instruct Defendant to discharge chemicals, and found that a defendant need not prove the "for, or relating to" element at this stage.  N.J. Dep't of Envtl. Prot. v. E.I. du Pont de Nemours & Co., No. 19-14765 at 2020 WL

2611539 at *5 (D.N.J. May 22, 2020); see <u>N.J. Dep't of Envtl.</u>
<u>Prot. v. E.I. du Pont de Nemours & Co.</u>, No. 19-14767 at 2020 WL
2041382 at *2-3 (D.N.J. Apr. 28, 2020) (hereinafter "the "New
Jersey Department of Environmental Protection Cases").
Defendant must only demonstrate that the claims "share a
substantial connection to acts done under the color of federal
office." <u>Id.</u>

In the New Jersey Department of Environmental Protection
cases, the State of New Jersey argued that DuPont's discharge of
hazardous waste was not an act under color of federal office
because there was not a "direct connection or association
between the unlawful act and the federal government's control
*over that act*." <u>N.J. Dep't of Envtl. Prot. v. E.I. du Pont de</u>
<u>Nemours & Co.</u>, 2020 WL 2041382 at *2 (emphasis in original).
Specifically, they sought to distinguish between the
manufacturing operation and the discharge and disposal of the
results of those operations, arguing that "unless the federal
contract at issue provides instructions for how hazardous
substances should be discharged," there is no causal nexus
simply from a government contract requesting the production of
chemicals. <u>Id.</u> at *4. This Court rejected New Jersey's
argument, and determined that because the allegations "share a
substantial connection to acts done under the color of federal
office" Defendants had demonstrated the "for, or relating to"

element for purposes of removal.

Plaintiffs seek to distinguish the instant case from the New Jersey Environmental Protection cases.  Plaintiffs' core distinction is that in the New Jersey Environmental Protection cases the plaintiffs asserted a facial attack on the assertion of federal officer jurisdiction, whereas in the instant case Plaintiffs are asserting a factual attack.  (ECF 54 at 19).  Plaintiffs also argue that the New Jersey Environmental Protection cases "sought to recover damages for injuries to natural resources" in contrast with the personal injury damages asserted in the instant case.  (ECF 54 at 18-19).  Finally, Plaintiffs assert that "the complaint in DEP v. DuPont specifically addressed DuPont's activities decades ago in furtherance of government war efforts"; whereas, in the instant case Plaintiffs did not mention World Wars I or II, Plaintiffs were born decades after World Wars I and II, and the allegations in the complaints giving rise to Defendants World War II argument will either be dismissed or removed via amendment. (Id. at 18-20).

Plaintiffs' distinction does not alter our decision that Defendant has demonstrated the "for, or relating to" claim sufficiently to support removal.  First, Plaintiffs do not expand upon why the distinction between the damages sought has any bearing on whether Defendant has described that the activity

alleged in the complaint was "for, or relating to" activity under the color of the federal government.

Second, whether Defendant has sufficiently presented a federal defense sufficient to establish that removal was proper and there is federal jurisdiction is not limited to what Plaintiffs alleged in their complaints.  Instead, as discussed above, section 1442(a) is "an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n.12, (2006) (internal quotation marks and citation omitted).  In analyzing the federal contractor defense, "the federal-question element is met if the defense depends on federal law." Jefferson Cty., Ala. v. Acker, 527 U.S. 423, 431 (1999).

Moreover, specific to the question of subject matter jurisdiction, "a factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (citation omitted). DuPont has presented additional facts in their removal filing in support of their proposed defense.  DuPont is entitled to put forward an alternate theory of causation, and here does so by asserting that the injuries complained of may have resulted from activity DuPont engaged in at the federal government's

instruction.  Plaintiffs cannot avoid this defense by disclaiming harm resulting from chemicals related to the World War II efforts.

Plaintiffs further look forward.  They explain that in other similar cases this Court has dismissed claims related to the chemicals that are implicated by the World War II contracts. Thus, Plaintiffs assert that "[t]o the extent that such allegations could be said to exist in these removed cases (and they do not) they will be eliminated as a matter of amendment." (ECF 54 at 13).  Therefore, Plaintiffs conclude, "there is no factual basis for federal officer jurisdiction."  (Id.). Plaintiffs cannot escape federal jurisdiction by previewing amendment that they predict they will make but have not yet sought nor by projecting how this Court may rule on a potential, currently non-existent, motion to dismiss.  For purposes of a motion to remand, federal jurisdiction must be analyzed as of the time of removal.  See Pettit v. New Jersey, No. 09-3735, 2010 WL 1006407 at *1 (D.N.J. Mar. 17, 2010); Westmorland Hospital Assn. v. Blue Cross of Western Pa., 605 F.2d 119, 123 (3d Cir. 1979); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 593 (2013).

Defendant has sufficiently stated that the alleged conduct is "for, or relating to" an act under color of federal office.

4. Whether DuPont raises a colorable federal defense to

Plaintiffs' claims

Defendant asserts that it has colorable defenses under the "government contractor defense" as outlined in Boyle and derivative immunity as outlined in Yearsley v. W.A. Ross Construction Co., 309 U.S. 18 (1940).  (ECF No. 69 at 36-37).

Under Boyle, the government contractor defense is established by the defendant showing that: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."  Boyle, 487 U.S. at 512.  At this stage, the Court's role is "not to resolve whether the defendant has established the federal contractor defense or to resolve factual disputes, but only to ensure the existence of some competent evidence supporting a 'colorable' federal defense."  Cuomo v. Crane Co., 771 F.3d 113, 117 (2d Cir. 2014).

In this matter, the Government entered into several contracts with Defendant to manufacture chemical products.  (Notices of Removal at ¶¶ 7-24).  In its removal petitions, Defendant explained that the government contracts provide precise specifications.  (Id. at ¶¶ 33, 36, 40).  Defendant further explains that it complied with these specifications.  (Id. at 36).  Although Plaintiffs argue that there were no

specifications in the contracts "governing the discharge of chemical waste" (ECF 54 at 9; ECF 67 at 9, 12), it is sufficient at this stage that Defendant has pointed to specifications requiring production of chemicals related to Plaintiffs' claims.

Plaintiffs argue that Defendant falls short of meeting its burden with regards to the third element, noting that Defendant did not warn the Government of the hazards related to manufacturing the chemical products.  (ECF 67 at 12).  This is a factual question that goes into the merits of the defense, not the question of whether the defense is colorable.  See New Jersey Dep't of Env't Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 404 (D.N.J. 2005) (refusing to reach an analysis of the merits of the government contractor defense as the question at the removal stage is whether the defense is "colorable").

As set out above, at this stage the Court's task is "not to resolve whether the defendant has established the federal contractor defense or to resolve factual disputes, but only to ensure the existence of some competent evidence supporting a 'colorable' federal defense." Cuomo v. Crane Co., 771 F.3d at 117.  Defendant is not required to "win his case before he can have it removed." Acker, 527 U.S. at 431.  We find that because Defendant has pointed to government contracts and specifications for chemicals alleged in the Complaints, and has averred that it produced the chemicals pursuant to those contracts, Defendant

has raised a colorable government contractor defense.

Because Defendant has demonstrated removability under Boyle, the Court will decline to analyze Defendant's additional basis of removal under Yearsley.[6]

## CONCLUSION

For the reasons expressed above, Plaintiffs' Motion to Remand this matter to state court, (ECF No. 53), will be denied.

An appropriate Order will be entered.


Date: May 3, 2023                    /s Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[6] The Court notes that in a similar matter, a judge in this District has found that DuPont has a colorable defense under Yearsley.  See New Jersey Department of Environmental Protection, et al. v. E.I. Du Pont De Nemours & Company, et al., No. 19-14676, 2020 WL 2041382, at *4-5 (D.N.J. Apr. 28, 2020) (holding that DuPont is not precluded from arguing a colorable defense under Yearsley and that Dupont raised a colorable defense under Yearsley).